UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased,<br><br>Plaintiff,<br><br>v.<br><br>RIVER OAKS CENTER, LLC, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:24-cv-03984 |

**DEFENDANTS' MEMORANDUM OF FACT AND LAW IN RESPONSE TO SHOW CAUSE ORDER AND IN SUPPORT OF SUBJECT MATTER JURISDICTION**

Defendants, RIVER OAKS REALTY, LLC; RIVER OAKS CH, LLC; RIVER OAKS NASSIM, LLC; NAMDAR REALTY GROUP, LLC; CH CAPITAL GROUP, LLC; MASON ASSET MANAGEMENT, INC.; and NAMCO REALTY, LLC (collectively the "Defendants"), by and through their attorneys, Donald G. Machalinski, Linda J. Schneider, and Timothy M. Ravich of Tressler LLP, respond to this Court's order to show cause why this case should not be dismissed for lack of subject matter jurisdiction (Docket Entry ["D.E."] No. 9), as follows:

1. The Court advised that the operative complaint's allegation that defendant Namco Realty, LLC's sole member is Namco Realty Ltd., together with the undersigned's representation in its removal papers that Namco Realty Ltd. is a citizen of British Virgin Islands, a British Island corporation with its principal place of business in New York, provide insufficient information to establish Namco Realty Ltd.'s citizenship for diversity jurisdiction purposes. D.E. No. 9. The Court has thus instructed Defendants to confirm that Namco Realty Ltd.'s state of incorporation is the British Virgin Islands and to provide the address of its principal place of business. *Id.*

2. Indeed, Namco Realty Ltd.'s state of incorporation is the British Virgin Islands, as evidenced by the February 2016 Memorandum and Articles of Association of Namco Realty Ltd. filed with the Registrar of Corporate Affairs, British Virgin Islands Financial Services Commission "for the purpose of incorporating a BVI Business Company under the laws of the British Virgin Islands." *See* Exhibit A, ¶¶ 1, 2, 3.1, 3.2 and final paragraph on page 3.[1]

3. Undersigned counsel further confirms that Namco Realty Ltd.'s principal place of business is 150 Great Neck Road, Suite 304, Great Neck, New York 11021.

4. Importantly, too, Namco Realty Ltd. is a "company," formed pursuant to the BVI Business Companies Act of 2004. This is shown by both its corporate formation documents attached here (*id.*) as well as by filings made to this Court by Defendants at the outset of this matter, specifically their Federal Rule of Civil Procedure 7.1 and Local Rule 3.2 Disclosure Statement of Defendants, which notified the Court that "Namco Ltd. is a publicly traded company on the Tel Aviv Stock Exchange." *See* D.E. No 4., ¶ 7. Accordingly, Namco Realty Ltd. is a company as that concept is understood in the United States for jurisdictional purposes and any difficulties in deciding whether a business enterprise based in a foreign nation should be treated as a corporation for the purpose of § 1332 do not exist here. *See Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equipment Co. Ltd.*, 799 F.3d 787, 788 (7th Cir. 2014) (noting that companies are distinguished by the existence of "shareholders" and equity shareholders as opposed to "members" for other legal fictions like a limited liability company or partnership).

---

[1] Exhibit A hereto consists of the title page and the first three pages of Namco Realty Ltd.'s Articles of Association, which speak directly to the jurisdictional issues before the Court. The remaining 45 pages of the document contain wide-ranging and private information about the inner operational mechanics of the company that are not pertinent to jurisdiction and not appropriate for filing in the public record. If further information to assess jurisdiction is sought, however, Namco Realty Ltd. is prepared to submit the entire document for *in camera* review or pursuant to a protective order, at the Court's option.

5. In all, then, Namco Realty Ltd. is a company, and as such, a citizen of the place in which it was incorporated (British Virgin Islands) as well as its principal place of business (New York). Therefore, complete diversity under 28 U.S.C. § 1332(c)(1) exists, this Court is vested with subject matter jurisdiction, and this Court should not dismiss this matter for lack of subject matter jurisdiction on this record.

TRESSLER LLP

*s/ Donald G. Machalinski*

Attorneys for the Defendants,
Donald G. Machalinski, Esq.
Linda J. Schneider, Esq.
Timothy M. Ravich, Esq.
Tressler LLP
233 South Wacker Drive, 61st Floor
Chicago, Illinois 60606-6399
Telephone: 312.627.4000
dmachalinski@tresslerllp.com
lschneider@tresslerllp.com
travich@tresslerllp.com

## **CERTIFICATE OF SERVICE**

       I hereby certify that on **June 3, 2024**, a copy of the **DEFENDANTS' MEMORANDUM OF FACT AND LAW IN RESPONSE TO SHOW CAUSE ORDER AND IN SUPPORT OF SUBJECT MATTER JURISDICTION** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's NEXT GEN CM/ECF System.

                                                                TRESSLER LLP

                                                                */s/ Donald G. Machalinski*