# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 1:24 cv-03984<br>Honorable Martha M. Pacold |
| RIVER OAKS CENTER, LLC, an Indiana corporation; RIVER OAKS REALTY, LLC, an Illinois corporation; RIVER OAKS CH, LLC, an Illinois corporation; RIVER OAKS NASSIM, LLC, an Illinois corporation; NAMDAR REALTY GROUP, LLC, a New York corporation; CH CAPITAL GROUP, LLC, a New York corporation; MASON ASSET MANAGEMENT, INC., a New York corporation; and NAMCO REALTY, LLC, a New York corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD NONDIVERSE DEFENDANTS

NOW COMES the Plaintiff, SYRALL COLEMAN-THOMS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, by and through her attorneys, COPLAN & CRANE, LTD. and ALEKSY BELCHER, LLC, and hereby moves this Honorable Court, pursuant to 28 U.S.C. § 1447(e), for leave to amend her Complaint to name Maxx Walker, Frank Adkins, and Areesha, LLC d/b/a John's Flawless Diamonds as Defendants, and in support thereof, states as follows:

1.      This case arises of the fatal shooting of the decedent, Norman Thomas, at John's Flawless Diamonds jewelry store inside the River Oaks Mall in Calumet City, Cook County, Illinois on November 16, 2022.

2.      On November 16, 2022, Areesha, LLC was an Illinois Corporation doing business as John's Flawless Diamonds jewelry store inside the River Oaks Mall in Calumet City, Cook County, Illinois.  Areesha, LLC's manager is a citizen of Illinois for purposes of 28 U.S.C. § 1332.

3.      On November 17, 2023, two individuals were charged with murder of the decedent, Norman Thomas.  These two individuals are Maxx Walker and Frank Adkins.

4.      Upon information and belief, Maxx Walker is a citizen of Illinois for purposes of 28 U.S.C. § 1332.

5.      Upon information and belief, Frank Adkins is a citizen of Illinois for purposes of 28 U.S.C. § 1332.

6.      Plaintiff prays this Honorable Court grant her leave to amend her Complaint for the purpose of naming Maxx Walker, Frank Adkins, Areesha, LLC d/b/a John's Flawless Diamonds as Defendants, for the purpose of holding them civilly liable for the killing of the Decedent, Norman Thomas.

7.      Plaintiff filed her Complaint at Law against the named Defendants in the Circuit Court of Cook County on April 11, 2024, alleging, in pertinent part, that they are civilly liable for the death of the Decedent, Norman Thomas.

8.      On May 15, 2024, Defendants filed a Notice of Removal. *See* Doc. #1.

9.      Fed. R. Civ. P. 20(a)(2) states that individuals "may be joined in one action as defendants if: (A) any right to relief is asserting against them jointly, several, or in the alternative

with respect to or arising out of the same transaction, occurrence, or series of transaction or occurrence; and (B) any question of law or fact common to all defendants will arise in the action."

10. 28 U.S.C. § 1447(e) provides further, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action the State court."

11. In deciding whether to deny or permit joinder of new defendants under 28 U.S.C. § 1447(e), courts have looked at four factors: (1) the plaintiff's motive for seeking joinder; (2) the timeliness of plaintiff's request; (3) prejudice to the plaintiff if joinder is refused; and (4) other relevant equitable considerations. *Schur v. L.A. Weight Loss Center, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009).

12. **_Motive_** – Courts typically look to the underlying merits of the claims the plaintiff seeks to join. *Schur*, 577 F.3d at 759. The court's analysis in decided whether or to join a nondiverse defendant is focused on the possibility that the plaintiff could prevail against the nondiverse defendant. *Id*. at 764.

13. In order to prevail against Maxx Walker and Frank Adkins on the allegations that they committed the intentional tort of battery against the Decedent, Plaintiff must prove the Defendant: (1) committed an intentional act (2) resulting in offensive contact with the Decedent (3) without the plaintiff's consent. *Obermeier v. Nw. Mem'l Hosp.*, 2019 IL App (1st) 170553, P62.

14. In this case, the Plaintiff will be able to prove that Maxx Walker and Frank Adkins were involved in the unlawful and unwelcome killing of Norman Thomas on November 16, 2022. The Calumet City Police Department has charged each of these individuals with the murder of Norman Thomas, and as discovery in this matter commences, Plaintiff will be able to establish that they are civilly liable for battery against the Decedent.

3

15. In order to prevail against Areesha, LLC d/b/a John's Flawless Diamonds on the allegations that it failed to create and keep a safe workplace for the Decedent and that it failed to warn the Decedent of the dangerous condition at the store, Plaintiff must prove the common law elements of negligence against this Defendant: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty; (3) the breach was a proximate cause of the plaintiff's injuries. *First Springfield Bank & Trust v. Galman*, 188 Ill. 2d 252, 256 (1999).

16. In this case, the Plaintiff will be able to prove that Areesha, LLC d/b/a John's Flawless Diamonds owed a duty of reasonable care to the Decedent in providing him a safe workplace and warning him of the potential dangers that existed within the jewelry store, that this Defendant breached that duty when it failed to take measures to ensure the Decedent's safety inside the jewelry store, and that this failure resulting in the untimely death of Norman Thomas.

17. **_Timeliness_** – In analyzing whether a plaintiff's motion for joinder is timely, the courts looks to any delay between counsel's learning of basis for joining a party and acting on that knowledge. *Schur*, 577 F.3d at 767. The context surrounding this knowledge and the joinder attempt can excuse the delay or mitigate in favor of remand. *Id*.

18. This fatal shooting occurred in November of 2022, and two individuals were charged with murder a year later by the Calumet City Police Department. Since the date of the shooting, Plaintiff's attorneys have focused their investigation into the facts and circumstances surrounding the shooting and the viability of claims against the owners and/or managers of the mall where the shooting occurred. As is apparent from Plaintiff's Complaint, the allegations against these Defendants arise from the alleged negligence in their failure to appropriately secure, fund, and maintain the River Oaks Mall, and that those failures proximately caused Norman Thomas' death.

19. The Calumet City police department has indicated its investigation into the perpetrators of the shooting is ongoing, which Plaintiff's counsel interpreted as an indication that there might be other culpable individuals involved, but not yet charged. Furthermore, Plaintiff's counsel only learned about the fact that two individuals have been charged with murder through the local news outlets.

20. Plaintiff's counsel initially filed this matter in the Circuit Court of Cook County, Law Division. Plaintiff contemplated naming these individuals as Defendants, alleging they engaged in intentional tortious conduct within the applicable statute of limitations. However, due to the complex nature of the case against the corporate Defendants, Plaintiff's counsel wished to proceed through discovery against the corporate Defendants. In light of the fact that Maxx Walker and Frank Adkins are currently incarcerated and pending criminal prosecution, Plaintiff's counsel was reticent to name them as Defendants, fearing it would unduly delay the discovery necessary to determine liability against the corporate Defendants. Plaintiff's counsel is sufficiently aware of the manner in which the Circuit Court of Cook County addresses the addition of criminal defendants in civil cases. However, as the case is now pending the Circuit Court for the Northern District of Illinois, Plaintiff must seek leave to add these Defendants in order to preserve her rights.

21. ***Prejudice to Plaintiff*** - The Court is also tasked with assessing whether there will be significant harm done to plaintiff's case if joinder is not allowed. *Schur*, 577 F.3d at 759. If this Court were to deny Plaintiff's motion to amend her Complaint to add these individuals as Defendants to the case, it could potentially forever bar her from holding accountable the individuals who either pulled the trigger or conspired to pull the trigger of the gun that killed the Decedent. Maxx Walker and Frank Adkins are necessary Defendants in the prosecution of this case. If Plaintiff were prevented from naming them as parties in this case, she would be left with

an empty chair at trial that would permanently prejudice her from seeking civil justice for the death of Norman Thomas.

22. Furthermore, Plaintiff must be permitted to exhaust all possible avenues of civil liability against all putative Defendants who ultimately played a role in the death of Norman Thomas. A jury will be tasked with assessing the liability of Areesha, LLC d/b/a John's Flawless Diamonds as well as the other corporate Defendants in determining whose negligence was a cause of Norman Thomas' death.

23. **_Balance of the equities_** – The Court must also weigh "any other relevant equitable considerations" in analyzing a plaintiff's motion for joinder pursuant to 28 USC 1447(e). *Id*. The case arises out of the tragic, sorrowful, and preventable death of Norman Thomas on November 16, 2022. Calumet City police have indicated the investigation into the murder is ongoing, and while these two individuals have been charged with murder, there is a distinct possibility that others were involved in the murder of Norman Thomas and its planning. If this Honorable Court were to deny the instant motion and preclude the Plaintiff from naming the individuals who committed the murder as Defendants, it would set a dangerous and confusing precedent. Fed. R. Civ. P. 1 states, as a prelude to the entire set of rules, that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Denying the Plaintiff the right to face these Defendants in civil court surely cannot be seen as a just result. "The purpose of the adversary system of civil litigation is to promote a search for the truth." *Negrete v. Amtrak*, 2007 U.S. Dist. LEXIS 112549, 12-13, *citing ABF Freight Sys., Inc. v. N.L.R.B.*, 510 U.S. 317, 323 (1994). Plaintiff seeks truth here, and so she respectfully requests leave to amend her complaint to add Maxx Walker, Frank Adkins, and Areesha, LLC d/b/a John's Flawless Diamonds as Defendants in this matter.

WHEREFORE, Plaintiff, SYRALL COLEMAN-THOMS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, by and through her attorneys, COPLAN & CRANE, LTD. and ALEKSY BELCHER, LLC, prays that this Honorable Court grant her leave to amend her Complaint to add Maxx Walker, Frank Adkins, Areesha, LLC d/b/a John's Flawless Diamonds as Defendants in this matter.

Respectfully Submitted,

By: /s/ Ben A. Crane

Attorneys for Plaintiff:

Ben A. Crane
Ervin B. Nevitt
Andrew J. Burkavage
COPLAN & CRANE, LTD.
1111 Westgate Street
Oak Park, Illinois 60301
(708) 358-8080 (telephone)
(708) 358-8181 (facsimile)

Matthew J. Belcher
Bryant M. Greening
Aleksy Belcher LLC
350 N. LaSalle Dr., Ste. 750
Chicago, Illinois 60654
(312) 670-9000 (telephone)
(312) 670-9115 (facsimile)

## **CERTIFICATE OF SERVICE**

    The Undersigned attorney, hereby states that on June 13, 2024, the foregoing was filed in the CM/ECF system, which will provide notice to all counsel of record.

/s/ Ben Crane

Counsel for Plaintiff
