IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, <br><br> Plaintiff, <br><br> v. <br><br> RIVER OAKS CENTER, LLC, et al., <br><br> Defendants. | Case No. 1:24 cv03984 <br><br> Honorable **Martha M. Pacold** |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND TO ADD NONDIVERSE DEFENDANTS**

The Defendants, RIVER OAKS REALTY, LLC; RIVER OAKS CH, LLC; RIVER OAKS NASSIM, LLC; NAMDAR REALTY GROUP, LLC; CH CAPITAL GROUP, LLC; MASON ASSET MANAGEMENT, INC.; and NAMCO REALTY, LLC (collectively the "Defendants"), by and through their attorneys, Donald G. Machalinski, Linda J. Schneider, and Timothy M. Ravich of Tressler LLP, submit this memorandum of law in opposition to the Motion for Leave to Amend to Add Nondiverse Defendants ("Motion") [Docket Entry ("D.E.") No. 16] filed by Plaintiff, SYRALL COLEMAN-THOMAS (the "Plaintiff"), as follows:

**INTRODUCTON**

Plaintiff's *post*-removal attempt to join three nondiverse defendants is inappropriate under the relevant framework established by the Seventh Circuit in *Schur v. L.A. Weight Loss Centers, Inc.*, by which district courts look to: (1) Plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether Plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations. 577 F.3d 752, 759 (7th Cir. 2009).

Here, in addition to procedural infirmities that, standing alone, warrant denial of the Motion,[1] Plaintiff's explanations about each of the *Schur* criterion raise an inference of fraudulent joinder and/or an improper motivation to defeat this Court's jurisdiction. *See Shelton v. Union Pacific Railroad Co.*, 2022 WL 797932, *2 (S.D. Ill. 2022).

Plaintiff's initial pleading makes clear that she and her counsel have long understood that three armed men robbed a jewelry store in an Illinois mall after fatally shooting Norman Thomas ("Thomas"), who was then employed by a separate company to provide security there. *Complaint at Law*, ¶¶ 25-29. Plaintiff, the Independent Administrator of the Estate of Mr. Thomas, and her counsel also admit that they, after giving the matter thought, decided *not* to sue any of these individuals or entities at the outset of this lawsuit. Motion at 4-5, ¶¶ 18- 20. Yet, immediately after entry of an order confirming this Court's subject matter jurisdiction [D.E. No. 15], Plaintiff pursued a remand strategy—under the guise of a jurisdiction-destroying motion to join some (notably, not all) of these non-diverse players. Because this runs afoul of *Schur*, the Motion should be denied.

---

[1] Plaintiff asserts (in conclusory form) that each of the prospective defendants is an Illinoisian and thus not diverse from Plaintiff. Motion at 2, ¶¶ 3-6. Plaintiff has presented insufficient information from which to analyze the propriety of joinder and related jurisdictional implications, however. As to two individuals, Maxx Walker and Frank Adkins, for example, Plaintiff's naked assertion that each is "a citizen of Illinois for purposes of 28 U.S.C. § 1332" is based only "[u]pon information and belief," which is deficient in the absence of what the Seventh Circuit Court of Appeals and federal district courts in Illinois have referred to as "other indicia of that party's citizenship." *See, e.g.*, *Tile Unlimited, Inc. v. Blanke Corp.*, 788 F. Supp. 734, 743 (N.D. Ill. 2011); *Medical Assurance Co., Inc. v. Hellman*, 610 F.3d 371, 376 (7th Cir. 2010). Plaintiff has failed to present any "other indicia" here. Additionally, as to Areesha, LLC d/b/a John's Flawless Diamonds, Plaintiff merely advises (in the past tense) that the "LLC *was* an Illinois Corporation" at the time of the crime at the center of this lawsuit, *i.e.*, November 2022, and that its "manager is a citizen of Illinois for purposes of 28 U.S.C. § 1332." Motion at 2, ¶ 2; *Complaint at Law*, ¶ 19. This information also is inadequate to confirm whether this Court can exercise subject matter jurisdiction over the jewelry store. This Court requires strict application of the rule that limited liability companies are citizens of every state of which any member is a citizen [*see, e.g.*, D.E. Nos. 9, 14]; accordingly, Plaintiff must identify the citizenship of all the members of Areesha, LLC. *See, e.g.*, *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533-534 (7th Cir. 2007) ("the litigants must be precise …, and the court can no longer take on faith the lawyer's blanket declaration [respecting citizenship].").

### A. Filed after Removal, Before Discovery, the Motion is Untimely and Improper

The Seventh Circuit held in *Schur* that where a plaintiff seeks to add nondiverse defendants immediately after removal but before conducting any additional discovery, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction. *Schur*, 577 F.3d at 767. That is the case here.

On May 15, 2024, Defendants filed their Notice of Removal. [D.E. No. 1.] On June 13, 2024, at 7:27 A.M., the Court confirmed that it was satisfied it was vested with jurisdiction under 28 U.S.C. § 1332. [D.E. Nos. 9, 14, 15.] Just moments later—at 12:23 P.M—Plaintiff filed the instant Motion along with a Notice of Presentment of Motion. [D.E. Nos. 16, 17.] *See also* "Exhibit A" and "Exhibit B," hereto. Therein, Plaintiff's counsel admitted they knew the identities of the non-diverse defendants since before removal and that they decided not to conduct discovery for various (incoherent) reasons. Motion at 5, ¶ 20 ("Plaintiff contemplated naming these individuals as Defendants …"). A strong inference exists therefore that Plaintiff drafted and filed the Motion reactionarily, not innocuously to add parties, but strategically to undo an adverse result. *Schur*, 577 F.3d at 777 (citing *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999) — it is especially important to scrutinize attempts to add nondiverse parties in these circumstances). Consequently, Plaintiff's post-removal Motion fails under *Schur*.

There, the movant sought leave of federal court to add two employees of a corporate defendant. *Id*. at 767. The district judge denied the request, concluding that the movant knew the identity of the non-diverse employee defendants for almost a year before seeking to join them. *Id*. The Seventh Circuit reversed, however, noting that the *Schur* plaintiff actively engaged in discovery (*e.g.*, written requests, depositions, motion practice) during that one-year period to learn about the employees' role in the case and then filed a motion to amend her initial complaint to join

3

the new defendants within two months of learning of their roles. *Id.* On this record the *Schur* court reasoned that although extensive delay between removal and a motion to amend typically weighs against permitting joinder, the *Schur* plaintiff's efforts explained the timing of her motion to amend and thus supported her position. *Id.*

Here, in contrast to *Schur,* Plaintiff and her counsel—since before inception of this case—knew the identity of the gunmen and jewelry store they now seek to join, and unlike the movant in *Schur*, the movant here neither took nor needed any discovery to learn or confirm this information. Motion at 5, ¶ 20. Indeed, for years prior to removal, Plaintiff knew the name, location, and events at the jewelry store in this matter. Plaintiff also knew the identity of the criminal defendants she seeks to join; in fact, Plaintiff admits that since 2023, at latest, her counsel has been monitoring the investigation and prosecution of Mr. Thomas's assailants in a Cook County, Illinois criminal proceeding. *Id.* at 4-5, ¶¶ 17-19. The Motion offers several explanations about Plaintiff's counsel's internal thought process as to why they decided *not* to take discovery or earlier sue the subject nondiverse defendants (*see id*. at 5, ¶¶ 19-20), but the record is clear that the present jurisdictional configuration of this case is the product of Plaintiff's counsel's own decisions made on facts about non-diverse parties that are as obvious and known today as they were in 2022.

Thus, Plaintiff's filing for joinder immediately after removal and without additional discovery providing a legitimate reason for doing so points to only one explanation for why Plaintiff is asserting the Motion—to destroy this Court's subject matter jurisdiction. *Schur*, 577 F.3d at 767 (clarifying that the Court would have affirmed denial of the joinder motion: "Had [plaintiff] sought to join [the non-diverse defendant employees] *immediately after removal, but without additional discovery providing a legitimate reason for doing so*, it would have suggested that the joinder's *only purpose* was to destroy jurisdiction." *Id*. (Emphasis added.)

4

### B. If Joinder is Disallowed, Plaintiff will Endure No "Significant Injury"

In addition to the Motion's timing defects detailed above, Plaintiff has not satisfied the prejudice prong of the *Schur* framework because she has not detailed how she would be injured, let alone "significantly injured," if the Motion is denied, as required by *Schur*. Plaintiff has identified no concrete right or remedy of hers—procedural or substantive, real or imagined—that denial of the Motion would extensively harm. Rather, she relies solely on improper speculation.

For example, Plaintiff claims that denial of the Motion "*could potentially forever* bar her from holding accountable the individuals who either pulled the trigger or conspired to pull the trigger that killed the Decedent." Motion at 5, ¶ 21 (Emphasis added.) Plaintiff nowhere explains why or how this is so. Relatedly, Plaintiff insists that she "must be permitted to exhaust all possible avenues of civil liability against all putative defendants." *Id.* at 6, ¶ 22. What those pathways are, how they are dependent on joinder, and how destroying diversity here is the *only* way to accomplish Plaintiff's goals is unexplained in the Motion. In truth, none of Plaintiff's speculative harm stemming from denial of her Motion are specific or certain and none justifies or requires depriving the existing Defendants of their constitutionally predicated right to a federal forum. It is important to note that Plaintiff can simply bring her new claims against new defendants in state court, thereby fully protecting her rights.

*A fortiori*, if joinder of the non-diverse defendants is as imperative and existential to her lawsuit *post*-removal as it was *pre*-removal, then Plaintiff should have sued them at the outset of this litigation as her counsel acknowledges was possible. The decision to do so now instead of earlier, the Motion admits, was a calculated choice uninfluenced by Defendants, undercutting Plaintiff's claims of prejudice, and instead, suggesting an inappropriate motive to destroy this Court's diversity-of-citizenship jurisdiction. *See Shelton*, 2022 WL 797932, at *2.

5

Plaintiff next claims that two of the criminal defendants she seeks to join are "necessary Defendants in the prosecution of this case." Motion at 5, ¶ 22. Here again, Plaintiff presents no decisional authority for the position that the alleged indispensability of a non-diverse party is relevant to a post-removal motion for joinder (in contrast to a motion under Fed. R. Civ. P. 19). Furthermore, the Motion is devoid of any facts, reasoned argument, or law establishing that a determination of any of the existing Defendants' liability depends in any way on the culpability of the non-diverse defendants. To the contrary, the Motion notes that the allegations in Plaintiff's Complaint center on the issue of (proximate) causation of Mr. Thomas's death (*see id*. ¶ 21), in which case Plaintiff's entire lawsuit must be dismissed, *inter alia*, under the Illinois Supreme Court's decision of *Rowe v. State Bank of Lombard*, 531 N.E.2d 1358 (Ill. 1988). Under *Rowe* the criminal acts of the robbers alleged here are superseding causes of injury relieving the Defendants of liability as a matter of law. *See Defendants' Motion to Dismiss Complaint at Law*, D.E. No. 18.

Plaintiff's last contention, that "she would be left with an empty chair at trial that would permanently prejudice her from seeking civil justice for the death of Norman Thomas," also is unremarkable, unconvincing, and not probative of any prejudice or significant injury to Plaintiff. Motion at 5-6, ¶ 22. Trials can and do proceed with "empty chairs," and in fact, Plaintiff's Motion indicates that this case may be such a proceeding because not all culpable individuals involved in the crime at issue are charged or identified, if ever. *Id*. ¶¶ 19, 23. *See generally Jones v. Beck*, 16 N.E.3d 289 (Ill. 4th Dist. 2014) (involving a non-party defendant alleged as the sole proximate cause of a plaintiff's injury). In any event, nowhere in this lawsuit has Plaintiff accused the existing Defendants of robbery or murder and Plaintiff cites no authority that the absence of those who committed those or other crimes is a reason to grant a post-removal joinder motion that destroys jurisdiction.

C. **FRAUDULENT JOINDER MOTIVATES PLAINTIFF'S MOTION**

Finally, is the issue of fraudulent joinder.[2] To assess fraudulent joinder under *Schur*, this Court must turn to state law to determine whether Plaintiff has any "reasonable possibility" of success. *Schur*, 577 F.3d at 764. She does not. Under Illinois law, Plaintiff has no reasonable possibility of success on the claims she seeks to assert against the jewelry store in which the subject crime occurred. Plaintiff also has no currently prosecutable claim against the so-far identified criminal defendants who committed or conspired to commit a felony-murder therein that can be equitably asserted in this case post-removal. *See id.* at 764 (citing *Schwartz v. State Farm Mutual Auto Insurance Co.*, 174 F.3d 875, 878 (7th Cir. 1999) — "joinder is considered fraudulent, and is therefore disregarded, if the out-of-state defendant can show there exists no 'reasonable possibility that a state court would rule against the [in-state] defendant.'").

1. **BECAUSE ILLINOIS IMPOSES NO DUTY TO PROTECT PROTECTORS, PLAINTIFF'S PROPOSED CLAIMS AGAINST THE JEWELRY STORE ARE NOT VIABLE**

Plaintiff proposes suing Areesha, LLC d/b/a John's Flawless Diamonds for negligence, specifically for alleged failure "to create and keep a safe workplace for" Mr. Thomas and for alleged failure "to warn [him] of the dangerous condition [singular, not plural] at the store." Motion, at 4, ¶ 15. However, no cause of action exists in Illinois that imposes a legal duty on the jewelry store to protect the security firm it hired to protect it. Thus, Plaintiff has no reasonable possibility of prevailing on its claim(s) against the jewelry store as a matter of fact and law.

---

[2] The Seventh Circuit has explained that the fraudulent joinder doctrine is not directly applicable to the *post*-removal context, meaning this Court can deny the Motion on grounds of either or both delay and/or failure to demonstrate "significant injury," discussed in Parts A and B, *supra*. That said, the fraudulent joinder doctrine serves as yet another basis to deny Plaintiff's Motion because it "can be a relevant factor for determining whether to permit joinder under 28 U.S.C. § 1447(e) … it is simply another tool in the district judge's belt for scrutinizing the plaintiff's motive for joining a nondiverse party … and to discern whether the plaintiff sought only to destroy complete diversity." *Schur*, 577 F.3d at 764.

7

Factually, Plaintiff's own complaint acknowledges that Areesha, LLC was proactive, not derelict, in trying to protect its personnel, merchandise, and customers—it retained an outside company, Allied Universal Security, for that purpose. *Complaint at Law*, ¶¶ 20, 25. Mr. Thomas, in turn, "provided security services for JOHN'S FLAWLESS DIAMONDS through his employer" for two months prior to the robbery. *Id*. As alleged, then, Areesha, LLC not only acted to create and keep a safe workplace, but both Allied Universal Security and Mr. Thomas were inherently on notice of potential dangers associated with providing security services at a mall with alleged prior shootings and killings in a store whose inventory consists of valuable items attractive to armed robbers. *Id*. ¶¶ 21-24. Plaintiff's petition for joinder is factually incompatible with the allegations of this lawsuit.

Legally, moreover, Plaintiff has presented no legal authority supporting her theory of liability against Areesha, LLC. Rather, Plaintiff merely remarks that she must prove common law negligence and cites one case, *First Springfield Bank & Trust v. Galman*, 720 N.E.2d 106 (Ill. 1999), which generically identifies the elements of a negligence claim. Motion at 4, ¶ 15. *Galman*, a car accident case, is of no value in assessing the propriety of Plaintiff's attempted post-remand joinder or the reasonable possibility of her ability to prevail against Areesha, LLC.

In contrast, the weight of authority is against Plaintiff's Motion. For example, in *Martin v. McDonald's Corp.*, a murder and robbery occurred after closing hours at a fast-food chain's restaurant. 572 N.E.2 1073 (Ill. 5th. Dist. App. 1991). Parents of an employee who was shot and killed sued to recover damages on the theory that even though McDonald's had no duty imposed by law to protect restaurant employees against the criminal acts of third parties, it had voluntarily assumed such a duty, among other initiatives, by creating a branch of its corporation assigned to deal with security problems and preparing a "bible" for security problems. *Id*. at 1077. On this

8

record, the *Martin* court concluded that "once McDonald's Corporation assumed the duty to provide security and protection to plaintiffs, it had the obligation to perform this duty with care and competence, and any failure to do so would lead to a finding of breach of duty." *Id*. at 1079.

Unlike the store in *Martin*, the jewelry store here did not personally undertake security (because it is a business selling and servicing goods not a firm offering security services); yet, as Plaintiff's pleading acknowledges, the jewelry store did try to make conditions safe (and/or safer) by sourcing security responsibility to a security company for the protection of its store, staff, customers, and inventory. *Complaint at Law*, ¶ 25. Illinois recognizes no cause of action against Areesha, LLC in this circumstance. *See Kolodziejzak v. Melvin Simon & Associates*, 685 N.E.2d 985, 990 (Ill. 1st Dist. App. 1997) ("even if we were to broaden the landlord's duty beyond that of reasonable care in hiring the security company, it would be difficult to find a duty that [the mall management company] undertook that it failed to fulfill.").

Finally, policy explains why Plaintiff has no reasonable possibility of prevailing on its proposed claims against the jewelry store. If such a claim were allowed, it would produce the perverse consequence of disincentivizing stores of every type from ever hiring security companies for fear of being sued for breach of an inchoate duty to act as the insurer of the security company (and its personnel) it hired to deter and confront crime. Plaintiff has provided the Court with no legal authority supporting such an upside-down position and the Motion should be denied.

### 2. JOINDER OF UNRIPE CIVIL CLAIMS AGAINST CRIMINAL DEFENDANTS ALSO IS INEQUITABLE UNDER *SCHUR*

The Motion also should be denied because Plaintiff's motive to destroy this Court's jurisdiction by adding unripe tort claims against two criminal defendants is inequitable as to the existing Defendants in this case under *Schur*.

9

Plaintiff explains that she is motivated to sue two individuals—Maxx Walker and Frank Adkins—for civil battery arising from their alleged killing of Mr. Thomas.[3] Motion at 3, ¶¶ 12-14. The wrongful conduct Plaintiff proposes to assert in this civil lawsuit thus significantly overlaps with the charges currently pending in the criminal prosecution against these individuals charged with murder. *Id.* ¶¶ 18, 20. Consequently, if joined in this case notwithstanding the other defects in the Motion, each criminal defendant is almost certain to invoke their respective constitutional right under the Fifth Amendment against self-incrimination—an exercise that will cause indefinite delay, if not an outright stay, of this proceeding. *See, e.g.*, *Jacksonville Savings Bank v. Kovack*, 762 N.E.2d 1138, 1143 (Ill. 4th Dist. App. 2002) ("When issues in a criminal matter [in which criminal defendants have been charged, as here] significantly overlap with those in the civil proceedings, self-incrimination is more likely.").

Plaintiff nowhere details why or how delay occasioned by tethering this case to an incomplete and evolving[4] parallel criminal proceeding serves the interest or convenience of this Court or any party or is equitable and fair to the Defendants' right to prompt resolution of this case associating them with a homicide. As such, Plaintiff has not presented "other relevant equitable considerations" supporting joinder under *Schur* and the Motion should be denied.

---

[3] Plaintiff cites *Obermeier v. Northwestern Memorial Hospital*, 134 N.E.3d 316 (Ill. App. 1st Dist. 2019), for the proposition that she will prevail against Messrs. Walker and Adkins. Motion at 3, ¶ 13. *Obermeier* is a case about medical battery (*id.* at 334), providing no analytical value here.

[4] By Plaintiff's own admission, her proposed civil battery claims are premature, unripe, and not viable currently. Plaintiff notes that she seeks to hold accountable "the individuals who either pulled the trigger or conspired to pull the trigger of the gun that killed the Decedent." Motion at 3, 5, ¶¶ 13-14, 21. In this respect, Plaintiff advises that a police investigation is ongoing and other culpable individuals might be involved. *Id.* 5, ¶¶ 19, 23 ("… there is a distinct possibility that others were involved in the murder of Norman Thomas and its planning"). Hence, the Motion identifies an open class of defendants and various potential claims for battery, conspiracy, and/or "being involved" in the death of Mr. Thomas. *Id.* at 3, 5, ¶ 14, 21. The Motion is unclear as to what claim(s) Plaintiff can assert (let alone prevail) against any non-diverse (or yet-named) defendants. Because the Motion is factually uncertain about who did what, if anything, neither the undersigned nor the Court can fully analyze the propriety of joining the non-diverse criminal defendants post-removal or the reasonable possibility of her success under *Schur*.

WHEREFORE, the Defendants request that the Court deny the Plaintiff's Motion for Leave to Amend to Add Nondiverse Defendants and enter an order granting such other or further relief this Court deems appropriate.

Dated this 12th day of July, 2024.

                                              Respectfully submitted,

                                              TRESSLER LLP

                                              */s/ Timothy M. Ravich*

Attorneys for the Defendants,
Donald G. Machalinski, Esq.
Linda J. Schneider, Esq.
Timothy M. Ravich, Esq.
Tressler LLP
233 South Wacker Drive, 61st Floor
Chicago, Illinois 60606-6399
Telephone: 312.627.4000
dmachalinski@tresslerllp.com
lschneider@tresslerllp.com
travich@tresslerllp.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2024 a copy of the foregoing, Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Leave to Amend Complaint to Add Nondiverse Defendants, was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing. Parties may access this filing through the court's NEXT GEN cm/ECF system.

Respectfully submitted,

TRESSLER LLP

*/s/ Timothy M. Ravich*

Attorneys for the Defendants,
Donald G. Machalinski, Esq.
Linda J. Schneider, Esq.
Timothy M. Ravich, Esq.
Tressler LLP
233 South Wacker Drive, 61st Floor
Chicago, Illinois 60606-6399
Telephone: 312.627.4000
dmachalinski@tresslerllp.com
lschneider@tresslerllp.com
travich@tresslerllp.com

(1724-644) 4885-0981-4223, v. 1