## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-03984 |
| | ) | |
| RIVER OAKS CENTER, LLC, an Indiana corporation;  RIVER OAKS REALTY, LLC, an Illinois corporation; RIVER OAKS CH, LLC, an Illinois corporation; RIVER OAKS NASSIM, LLC, an Illinois corporation; NAMDAR REALTY GROUP, LLC, a New York corporation; CH CAPITAL GROUP, LLC, a New York corporation; MASON ASSET MANAGEMENT, INC., a New York corporation; and NAMCO REALTY, LLC, a New York corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Honorable Martha M. Pacold |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### FIRST AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, SYRALL COLEMAN-THOMAS, as Independent

Administrator of the Estate of NORMAN THOMAS, deceased, by and through her

attorneys, Aleksy Belcher, LLC and Coplan & Crane, Ltd., complaining of Defendants,

RIVER OAKS CENTER, LLC, an Indiana corporation; RIVER OAKS REALTY, LLC, an

Illinois corporation; RIVER OAKS CH, LLC, an Illinois corporation; RIVER OAKS

NASSIM, LLC, an Illinois corporation; NAMDAR REALTY GROUP, LLC, a New York

corporation; CH CAPITAL GROUP, LLC, a New York corporation; MASON ASSET



EXHIBIT
A

MANAGEMENT, INC., a New York corporation; and NAMCO REALTY, LLC, a New York corporation, pleading hypothetically and in the alternatives, states as follows:

### GENERAL ALLEGATIONS

1.      On November 16, 2022, the decedent, Norman Thomas ("NORMAN") resided at 15115 5th Avenue, Phoenix, Cook County, IL 60426.

2.      On November 16, 2022, there existed a shopping mall known as River Oaks Center, located at 96 River Oaks Center Dr., Calumet City, Cook County, IL 60409 (the "Mall").

3.      On November 16, 2022, RIVER OAKS CENTER, LLC ("RIVER OAKS CENTER") was an Indiana Corporation with its principal place of business at 4900 E. Dublin Granville Rd., 4th Floor, Columbus, OH 43081.

4.      On November 16, 2022, and at all times relevant, RIVER OAKS CENTER owned, operated, managed, maintained, and/or controlled the Mall.

5.      On November 16, 2022, RIVER OAKS REALTY, LLC, ("RIVER OAKS REALTY") was an Illinois corporation with its principal place of business at 96 River Oaks Center Dr., Calumet City, Cook County, IL 60409.

6.      On November 16, 2022, and at all times relevant, RIVER OAKS REALTY owned, operated, managed, maintained, and/or controlled the Mall.

7.      On November 16, 2022, RIVER OAKS CH, LLC, ("RIVER OAKS CH") was an Illinois corporation with its principal place of business at 747 Middle Neck Rd., Ste. 200, Great Neck, NY 11024.

8.      On November 16, 2022, and at all times relevant, RIVER OAKS CH owned, operated, managed, maintained, and/or controlled the Mall.

9.      On November 16, 2022, RIVER OAKS NASSIM, LLC, ("RIVER OAKS NASSIM") was an Illinois corporation with its principal place of business at 150 Great Neck Rd., Ste. 402, Great Neck, NY 11021.

10.     On November 16, 2022, and at all times relevant, RIVER OAKS NASSIM owned, operated, managed, maintained, and/or controlled the Mall.

11.     On November 16, 2022, NAMDAR REALTY GROUP, LLC, ("NAMDAR") was a New York corporation with its principal place of business at 150 Great Neck Rd., Ste. 304, Great Neck, NY 11021.

12.     On November 16, 2022, and at all times relevant, NAMDAR owned, operated, managed, maintained, and/or controlled the Mall.

13.     On November 16, 2022, CH CAPITAL GROUP, LLC ("CH CAPITAL") was a New York corporation with its principal place of business at 747 Middle Neck Rd., Ste. 200, Great Neck, NY 11024.

14.     On November 16, 2022, and at all times relevant, CH CAPITAL owned, operated, managed, maintained, and/or controlled the Mall.

15.     On November 16, 2022, MASON ASSET MANAGEMENT, INC. ("MASON") was a New York corporation with its principal place of business at 150 Great Neck Rd., Ste. 201, Great Neck, NY 11021.

16.     On November 16, 2022, and at all times relevant, MASON owned, operated, managed, maintained, and/or controlled the Mall.

3

17.     On November 16, 2022, NAMCO REALTY, LLC ("NAMCO") was a New York corporation with its principal place of business at 150 Great Neck Rd., Ste. 304, Great Neck, NY 11021.

18.     On November 16, 2022, and at all times relevant, NAMCO owned, operated, managed, maintained, and/or controlled the Mall.

19.     On November 16, 2022, AREESHA, LLC d/b/a JOHN'S FLAWLESS DIAMONDS, ("JOHN'S FLAWLESS DIAMONDS") was an Illinois corporation with its principal place of business at 96 River Oaks Center Dr., Calumet City, Cook County, IL 60409.

20.     On November 16, 2022, and at all times relevant, JOHN'S FLAWLESS DIAMONDS operated a jewelry store inside the Mall.

21.     Prior to November 16, 2022, and at all times relevant, Defendants were in the business of purchasing discounted and distressed properties, often including shopping malls, with the intention of reducing expenditures and overhead costs, then reselling those properties at a profit.

22.     Prior to November 16, 2022, Defendants purchased the Mall and intentionally underfunded the Mall by reducing expenditures and overhead costs.

23.     Prior to November 16, 2022, there were at least three other instances of gun violence at the Mall.

24.     On September 13, 2014, a man was shot and killed at the mall during an attempted robbery.

25.     On October 10, 2019, a man shot two people at the Mall, killing one, after an altercation inside the Mall.

26.     On May 17, 2021, shots were fired inside the Mall, but no victims were hit, and no suspects were apprehended.

27.     Prior to November 16, 2022, Defendants were aware of prior instances of gun violence at the Mall, but intentionally underfunded the Mall, including any budget for security services.

28.     On and for a period of about two months before November 16, 2022, NORMAN provided security services for JOHN'S FLAWLESS DIAMONDS through his employer, Allied Universal Security.

29.     On November 16, 2022, the Mall was a business open to the public.

30.     On November 16, 2022, NORMAN was lawfully present inside the Mall.

31.     On November 16, 2022, at around 12:15 p.m., three armed men entered the Mall, shot NORMAN, then robbed JOHN'S FLAWLESS DIAMONDS.

32.     On November 16, 2022, NORMAN succumbed to his injuries and died.

## COUNT I – RIVER OAKS CENTER, LLC
### NEGLIGENCE – WRONGFUL DEATH

1-32.   Plaintiff hereby repeats and incorporates by reference paragraphs one (1) through thirty-two (32) of her General Allegations as paragraphs one (1) through thirty-two (32) inclusive of this Count I, as though fully set forth herein.

33. On and before November 16, 2022, RIVER OAKS CENTER, by and through its employees and/or agents, retained exclusive control of the parking lot and common areas of the Mall.

34. On and before November 16, 2022, RIVER OAKS CENTER, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to exercise ordinary care in its control and supervision of the parking lot and common areas of the Mall.

35. On and before November 16, 2022, RIVER OAKS CENTER, by and through its employees and/or agents, undertook to provide security services in the parking lot and common areas of the Mall.

36. On and before November 16, 2022, RIVER OAKS CENTER, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to exercise reasonable care in its provision of security services at the Mall.

37. On and before November 16, 2022, RIVER OAKS CENTER, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to provide a reasonably safe place for its customers, including providing customers with adequate security from violent crimes and gun violence.

38. On and before November 16, 2022, RIVER OAKS CENTER, by and through its employees and/or agents, owed a duty to protect NORMAN and all individuals lawfully present at the Mall against the foreseeable criminal acts of third parties which were facilitated by RIVER OAKS CENTER's acts or omissions.

6

39.     On and before November 16, 2022, and at all times relevant to this claim, RIVER OAKS CENTER, by and through its employees and/or agents, was guilty of one or more of the following negligent acts and/or omissions:

    a.  Failed to provide security against violent crime and gun violence at the Mall;

    b.  Failed to provide adequate security against violent crime and gun violence at the Mall;

    c.  Failed to provide an adequate number of security guards to deter and prevent violent crime and gun violence;

    d.  Failed to provide adequate security services to deter and prevent violent crime and gun violence;

    e.  Failed to maintain an adequate security system to deter and prevent violent crime and gun violence;

    f.  Failed to have an adequate system in place to monitor or report violent crime and gun violence at the Mall;

    g.  Failed to properly train security employees to respond to violent crime and gun violence at the Mall;

    h.  Failed to take appropriate action in response to prior violent crime and gun violence at the Mall;

    i.  Failed to prevent individuals from bringing guns into the Mall;

    j.  Underfunded the Mall and exposed NORMAN to undue risk of violent crimes and gun violence;

    k.  Placed NORMAN at undue risk for violent crimes and gun violence by valuing profits over safety;

    l.  Failed to protect NORMAN and other individuals lawfully present at the Mall from violent crime and gun violence; and/or

    m.  Failed to take appropriate action to ensure the safety of NORMAN.

40.     One or more of these acts and/or omissions of RIVER OAKS CENTER were a direct and proximate cause of NORMAN's injuries and death. As a direct and proximate result of one or more of these acts and/or omissions by Defendant RIVER OAKS CENTER, NORMAN died and the Plaintiff has in the past and will in the future suffer substantial pecuniary loss, including medical, funeral, and burial expenses; the loss of society as well as grief and sorrow.

41.     Plaintiff, SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, brings this cause of action pursuant to the Wrongful Death Act, 740 ILCS 180/1, *et seq.*

WHEREFORE, Plaintiff, SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, demands judgment against Defendant, RIVER OAKS CENTER, LLC, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000) plus costs.

## COUNT II – RIVER OAKS CENTER, LLC
### NEGLIGENCE – SURVIVAL ACTION

1-32.   Plaintiff hereby repeats and incorporates by reference paragraphs one (1) through thirty-two (32) of her General Allegations as paragraphs one (1) through thirty-two (32) inclusive of this Count II, as though fully set forth herein.

33.     On and before November 16, 2022, RIVER OAKS CENTER, by and through its employees and/or agents, retained exclusive control of the parking lot and common areas of the Mall.

8

34. On and before November 16, 2022, RIVER OAKS CENTER, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to exercise ordinary care in its control and supervision of the parking lot and common areas of the Mall.

35. On and before November 16, 2022, RIVER OAKS CENTER, by and through its employees and/or agents, undertook to provide security services in the parking lot and common areas of the Mall.

36. On and before November 16, 2022, RIVER OAKS CENTER, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to exercise reasonable care in its provision of security services at the Mall.

37. On and before November 16, 2022, RIVER OAKS CENTER, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to provide a reasonably safe place for its customers, including providing customers with adequate security from violent crimes and gun violence.

38. On and before November 16, 2022, RIVER OAKS CENTER, by and through its employees and/or agents, owed a duty to protect NORMAN and all individuals lawfully present at the Mall against the foreseeable criminal acts of third parties which were facilitated by RIVER OAKS CENTER's acts or omissions.

39. On and before November 16, 2022, and at all times relevant to this claim, RIVER OAKS CENTER, by and through its employees and/or agents, was guilty of one or more of the following negligent acts and/or omissions:

9

a. Failed to provide security against violent crime and gun violence at the Mall;

b. Failed to provide adequate security against violent crime and gun violence at the Mall;

c. Failed to provide an adequate number of security guards to deter and prevent violent crime and gun violence;

d. Failed to provide adequate security services to deter and prevent violent crime and gun violence;

e. Failed to maintain an adequate security system to deter and prevent violent crime and gun violence;

f. Failed to have an adequate system in place to monitor or report violent crime and gun violence at the Mall;

g. Failed to properly train security employees to respond to violent crime and gun violence at the Mall;

h. Failed to take appropriate action in response to prior violent crime and gun violence at the Mall;

i. Failed to prevent individuals from bringing guns into the Mall;

j. Underfunded the Mall and exposed NORMAN to undue risk of violent crimes and gun violence;

k. Placed NORMAN at undue risk for violent crimes and gun violence by valuing profits over safety;

l. Failed to protect NORMAN and other individuals lawfully present at the Mall from violent crime and gun violence; and/or

m. Failed to take appropriate action to ensure the safety of NORMAN.

40.     As a direct and proximate result of the careless and negligent omissions and/or actions of the Defendant, RIVER OAKS CENTER, NORMAN suffered great pain and anguish, both in mind and body, when he was shot, causing him to suffer open

10

wounds, hemorrhage, cardiac arrest, respiratory failure and subsequently having been pronounced deceased on November 16, 2022.

41.     Plaintiff, SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, brings this cause of action pursuant to the Illinois Survival Act, 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, demands judgment against Defendant, RIVER OAKS CENTER, LLC, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000) plus costs.

## COUNT III – RIVER OAKS REALTY, LLC
### NEGLIGENCE – WRONGFUL DEATH

1-32.   Plaintiff hereby repeats and incorporates by reference paragraphs one (1) through thirty-two (32) of her General Allegations as paragraphs one (1) through thirty-two (32) inclusive of this Count III, as though fully set forth herein.

33.     On and before November 16, 2022, RIVER OAKS REALTY, by and through its employees and/or agents, retained exclusive control of the parking lot and common areas of the Mall.

34.     On and before November 16, 2022, RIVER OAKS REALTY, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to exercise ordinary care in its control and supervision of the parking lot and common areas of the Mall.

11

35.     On and before November 16, 2022, RIVER OAKS REALTY, by and through its employees and/or agents, undertook to provide security services in the parking lot and common areas of the Mall.

36.     On and before November 16, 2022, RIVER OAKS REALTY, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to exercise reasonable care in its provision of security services at the Mall.

37.     On and before November 16, 2022, RIVER OAKS REALTY, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to provide a reasonably safe place for its customers, including providing customers with adequate security from violent crimes and gun violence.

38.     On and before November 16, 2022, RIVER OAKS REALTY, by and through its employees and/or agents, owed a duty to protect NORMAN and all individuals lawfully present at the Mall against the foreseeable criminal acts of third parties which were facilitated by RIVER OAKS REALTY's acts or omissions.

39.     On and before November 16, 2022, and at all times relevant to this claim, RIVER OAKS REALTY, by and through its employees and/or agents, was guilty of one or more of the following negligent acts and/or omissions:

   a. Failed to provide security against violent crime and gun violence at the Mall;

   b. Failed to provide adequate security against violent crime and gun violence at the Mall;

12

    c.   Failed to provide an adequate number of security guards to deter and prevent violent crime and gun violence;

    d.   Failed to provide adequate security services to deter and prevent violent crime and gun violence;

    e.   Failed to maintain an adequate security system to deter and prevent violent crime and gun violence;

    f.   Failed to have an adequate system in place to monitor or report violent crime and gun violence at the Mall;

    g.   Failed to properly train security employees to respond to violent crime and gun violence at the Mall;

    h.   Failed to take appropriate action in response to prior violent crime and gun violence at the Mall;

    i.   Failed to prevent individuals from bringing guns into the Mall;

    j.   Underfunded the Mall and exposed NORMAN to undue risk of violent crimes and gun violence;

    k.   Placed NORMAN at undue risk for violent crimes and gun violence by valuing profits over safety;

    l.   Failed to protect NORMAN and other individuals lawfully present at the Mall from violent crime and gun violence; and/or

    m.   Failed to take appropriate action to ensure the safety of NORMAN.

    40.    One or more of these acts and/or omissions of RIVER OAKS REALTY were a direct and proximate cause of NORMAN's injuries and death. As a direct and proximate result of one or more of these acts and/or omissions by Defendant RIVER OAKS REALTY, NORMAN died and the Plaintiff has in the past and will in the future suffer substantial pecuniary loss, including medical, funeral, and burial expenses; the loss of society as well as grief and sorrow.

41.     Plaintiff, SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, brings this cause of action pursuant to the Wrongful Death Act, 740 ILCS 180/1, *et seq.*

WHEREFORE, Plaintiff, SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, demands judgment against Defendant, RIVER OAKS REALTY, LLC, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000) plus costs.

### COUNT IV – RIVER OAKS REALTY, LLC
### NEGLIGENCE – SURVIVAL ACTION

1-32.   Plaintiff hereby repeats and incorporates by reference paragraphs one (1) through thirty-two (32) of her General Allegations as paragraphs one (1) through thirty-two (32) inclusive of this Count IV, as though fully set forth herein.

33.     On and before November 16, 2022, RIVER OAKS REALTY, by and through its employees and/or agents, retained exclusive control of the parking lot and common areas of the Mall.

34.     On and before November 16, 2022, RIVER OAKS REALTY, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to exercise ordinary care in its control and supervision of the parking lot and common areas of the Mall.

35.     On and before November 16, 2022, RIVER OAKS REALTY, by and through its employees and/or agents, undertook to provide security services in the parking lot and common areas of the Mall.

14

36.     On and before November 16, 2022, RIVER OAKS REALTY, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to exercise reasonable care in its provision of security services at the Mall.

37.     On and before November 16, 2022, RIVER OAKS REALTY, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to provide a reasonably safe place for its customers, including providing customers with adequate security from violent crimes and gun violence.

38.     On and before November 16, 2022, RIVER OAKS REALTY, by and through its employees and/or agents, owed a duty to protect NORMAN and all individuals lawfully present at the Mall against the foreseeable criminal acts of third parties which were facilitated by RIVER OAKS REALTY's acts or omissions.

39.     On and before November 16, 2022, and at all times relevant to this claim, RIVER OAKS REALTY, by and through its employees and/or agents, was guilty of one or more of the following negligent acts and/or omissions:

  a. Failed to provide security against violent crime and gun violence at the Mall;

  b. Failed to provide adequate security against violent crime and gun violence at the Mall;

  c. Failed to provide an adequate number of security guards to deter and prevent violent crime and gun violence;

  d. Failed to provide adequate security services to deter and prevent violent crime and gun violence;

  e. Failed to maintain an adequate security system to deter and prevent violent crime and gun violence;

    f.   Failed to have an adequate system in place to monitor or report violent crime and gun violence at the Mall;

    g.   Failed to properly train security employees to respond to violent crime and gun violence at the Mall;

    h.   Failed to take appropriate action in response to prior violent crime and gun violence at the Mall;

    i.   Failed to prevent individuals from bringing guns into the Mall;

    j.   Underfunded the Mall and exposed NORMAN to undue risk of violent crimes and gun violence;

    k.   Placed NORMAN at undue risk for violent crimes and gun violence by valuing profits over safety;

    l.   Failed to protect NORMAN and other individuals lawfully present at the Mall from violent crime and gun violence; and/or

    m.  Failed to take appropriate action to ensure the safety of NORMAN.

40.    As a direct and proximate result of the careless and negligent omissions and/or actions of the Defendant, RIVER OAKS REALTY, NORMAN suffered great pain and anguish, both in mind and body, when he was shot, causing him to suffer open wounds, hemorrhage, cardiac arrest, respiratory failure and subsequently having been pronounced deceased on November 16, 2022.

41.    Plaintiff, SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, brings this cause of action pursuant to the Illinois Survival Act, 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, demands judgment against Defendant, RIVER OAKS REALTY, LLC, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000) plus costs.

## COUNT V – RIVER OAKS CH, LLC
## NEGLIGENCE – WRONGFUL DEATH

1-32.  Plaintiff hereby repeats and incorporates by reference paragraphs one (1) through thirty-two (32) of her General Allegations as paragraphs one (1) through thirty-two (32) inclusive of this Count V, as though fully set forth herein.

33.  On and before November 16, 2022, RIVER OAKS CH, by and through its employees and/or agents, retained exclusive control of the parking lot and common areas of the Mall.

34.  On and before November 16, 2022, RIVER OAKS CH, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to exercise ordinary care in its control and supervision of the parking lot and common areas of the Mall.

35.  On and before November 16, 2022, RIVER OAKS CH, by and through its employees and/or agents, undertook to provide security services in the parking lot and common areas of the Mall.

36.  On and before November 16, 2022, RIVER OAKS CH, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to exercise reasonable care in its provision of security services at the Mall.

37.  On and before November 16, 2022, RIVER OAKS CH, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to provide a reasonably safe place for its customers, including providing customers with adequate security from violent crimes and gun violence.

17

38.     On and before November 16, 2022, RIVER OAKS CH, by and through its employees and/or agents, owed a duty to protect NORMAN and all individuals lawfully present at the Mall against the foreseeable criminal acts of third parties which were facilitated by RIVER OAKS CH's acts or omissions.

39.     On and before November 16, 2022, and at all times relevant to this claim, RIVER OAKS CH, by and through its employees and/or agents, was guilty of one or more of the following negligent acts and/or omissions:

   a.  Failed to provide security against violent crime and gun violence at the Mall;

   b.  Failed to provide adequate security against violent crime and gun violence at the Mall;

   c.  Failed to provide an adequate number of security guards to deter and prevent violent crime and gun violence;

   d.  Failed to provide adequate security services to deter and prevent violent crime and gun violence;

   e.  Failed to maintain an adequate security system to deter and prevent violent crime and gun violence;

   f.  Failed to have an adequate system in place to monitor or report violent crime and gun violence at the Mall;

   g.  Failed to properly train security employees to respond to violent crime and gun violence at the Mall;

   h.  Failed to take appropriate action in response to prior violent crime and gun violence at the Mall;

   i.  Failed to prevent individuals from bringing guns into the Mall;

   j.  Underfunded the Mall and exposed NORMAN to undue risk of violent crimes and gun violence;

   k.  Placed NORMAN at undue risk for violent crimes and gun violence by valuing profits over safety;

18

l.  Failed to protect NORMAN and other individuals lawfully present at the Mall from violent crime and gun violence; and/or

m.  Failed to take appropriate action to ensure the safety of NORMAN.

40.  One or more of these acts and/or omissions of RIVER OAKS CH were a direct and proximate cause of NORMAN's injuries and death. As a direct and proximate result of one or more of these acts and/or omissions by Defendant RIVER OAKS CH, NORMAN died and the Plaintiff has in the past and will in the future suffer substantial pecuniary loss, including medical, funeral, and burial expenses; the loss of society as well as grief and sorrow.

41.  Plaintiff, SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, brings this cause of action pursuant to the Wrongful Death Act, 740 ILCS 180/1, *et seq.*

WHEREFORE, Plaintiff, SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, demands judgment against Defendant, RIVER OAKS CH, LLC, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000) plus costs.

## COUNT VI – RIVER OAKS CH, LLC
### NEGLIGENCE – SURVIVAL ACTION

1-32.  Plaintiff hereby repeats and incorporates by reference paragraphs one (1) through thirty-two (32) of her General Allegations as paragraphs one (1) through thirty-two (32) inclusive of this Count VI, as though fully set forth herein.

33. On and before November 16, 2022, RIVER OAKS CH, by and through its employees and/or agents, retained exclusive control of the parking lot and common areas of the Mall.

34. On and before November 16, 2022, RIVER OAKS CH, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to exercise ordinary care in its control and supervision of the parking lot and common areas of the Mall.

35. On and before November 16, 2022, RIVER OAKS CH, by and through its employees and/or agents, undertook to provide security services in the parking lot and common areas of the Mall.

36. On and before November 16, 2022, RIVER OAKS CH, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to exercise reasonable care in its provision of security services at the Mall.

37. On and before November 16, 2022, RIVER OAKS CH, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to provide a reasonably safe place for its customers, including providing customers with adequate security from violent crimes and gun violence.

38. On and before November 16, 2022, RIVER OAKS CH, by and through its employees and/or agents, owed a duty to protect NORMAN and all individuals lawfully present at the Mall against the foreseeable criminal acts of third parties which were facilitated by RIVER OAKS CH's acts or omissions

39.     On and before November 16, 2022, and at all times relevant to this claim, RIVER OAKS CH, by and through its employees and/or agents, was guilty of one or more of the following negligent acts and/or omissions:

a.  Failed to provide security against violent crime and gun violence at the Mall;

b.  Failed to provide adequate security against violent crime and gun violence at the Mall;

c.  Failed to provide an adequate number of security guards to deter and prevent violent crime and gun violence;

d.  Failed to provide adequate security services to deter and prevent violent crime and gun violence;

e.  Failed to maintain an adequate security system to deter and prevent violent crime and gun violence;

f.  Failed to have an adequate system in place to monitor or report violent crime and gun violence at the Mall;

g.  Failed to properly train security employees to respond to violent crime and gun violence at the Mall;

h.  Failed to take appropriate action in response to prior violent crime and gun violence at the Mall;

i.  Failed to prevent individuals from bringing guns into the Mall;

j.  Underfunded the Mall and exposed NORMAN to undue risk of violent crimes and gun violence;

k.  Placed NORMAN at undue risk for violent crimes and gun violence by valuing profits over safety;

l.  Failed to protect NORMAN and other individuals lawfully present at the Mall from violent crime and gun violence; and/or

m.  Failed to take appropriate action to ensure the safety of NORMAN.

40.     As a direct and proximate result of the careless and negligent omissions and/or actions of the Defendant, RIVER OAKS CH, NORMAN suffered great pain and anguish, both in mind and body, when he was shot, causing him to suffer open wounds, hemorrhage, cardiac arrest, respiratory failure and subsequently having been pronounced deceased on November 16, 2022.

41.     Plaintiff, SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, brings this cause of action pursuant to the Illinois Survival Act, 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, demands judgment against Defendant, RIVER OAKS CH, LLC, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000) plus costs.

## COUNT VII – RIVER OAKS NASSIM, LLC
### NEGLIGENCE – WRONGFUL DEATH

1-32.   Plaintiff hereby repeats and incorporates by reference paragraphs one (1) through thirty-two (32) of her General Allegations as paragraphs one (1) through thirty-two (32) inclusive of this Count VII, as though fully set forth herein.

33.     On and before November 16, 2022, RIVER OAKS NASSIM, by and through its employees and/or agents, retained exclusive control of the parking lot and common areas of the Mall.

34.     On and before November 16, 2022, RIVER OAKS NASSIM, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully

present at the Mall to exercise ordinary care in its control and supervision of the parking lot and common areas of the Mall.

35.     On and before November 16, 2022, RIVER OAKS NASSIM, by and through its employees and/or agents, undertook to provide security services in the parking lot and common areas of the Mall.

36.     On and before November 16, 2022, RIVER OAKS NASSIM, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to exercise reasonable care in its provision of security services at the Mall.

37.     On and before November 16, 2022, RIVER OAKS NASSIM, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to provide a reasonably safe place for its customers, including providing customers with adequate security from violent crimes and gun violence.

38.     On and before November 16, 2022, RIVER OAKS NASSIM, by and through its employees and/or agents, owed a duty to protect NORMAN and all individuals lawfully present at the Mall against the foreseeable criminal acts of third parties which were facilitated by RIVER OAKS NASSIM's acts or omissions.

39.     On and before November 16, 2022, and at all times relevant to this claim, RIVER OAKS NASSIM, by and through its employees and/or agents, was guilty of one or more of the following negligent acts and/or omissions:

> a. Failed to provide security against violent crime and gun violence at the Mall;

23

b. Failed to provide adequate security against violent crime and gun violence at the Mall;

c. Failed to provide an adequate number of security guards to deter and prevent violent crime and gun violence;

d. Failed to provide adequate security services to deter and prevent violent crime and gun violence;

e. Failed to maintain an adequate security system to deter and prevent violent crime and gun violence;

f. Failed to have an adequate system in place to monitor or report violent crime and gun violence at the Mall;

g. Failed to properly train security employees to respond to violent crime and gun violence at the Mall;

h. Failed to take appropriate action in response to prior violent crime and gun violence at the Mall;

i. Failed to prevent individuals from bringing guns into the Mall;

j. Underfunded the Mall and exposed NORMAN to undue risk of violent crimes and gun violence;

k. Placed NORMAN at undue risk for violent crimes and gun violence by valuing profits over safety;

l. Failed to protect NORMAN and other individuals lawfully present at the Mall from violent crime and gun violence; and/or

m. Failed to take appropriate action to ensure the safety of NORMAN.

40. One or more of these acts and/or omissions of RIVER OAKS NASSIM were a direct and proximate cause of NORMAN's injuries and death. As a direct and proximate result of one or more of these acts and/or omissions by Defendant RIVER OAKS NASSIM, NORMAN died and the Plaintiff has in the past and will in the future suffer substantial pecuniary loss, including medical, funeral, and burial expenses; the loss of society as well as grief and sorrow.

24

41.     Plaintiff, SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, brings this cause of action pursuant to the Wrongful Death Act, 740 ILCS 180/1, *et seq.*

WHEREFORE, Plaintiff, SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, demands judgment against Defendant, RIVER OAKS NASSIM, LLC, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000) plus costs.

## COUNT VIII – RIVER OAKS NASSIM, LLC
### NEGLIGENCE – SURVIVAL ACTION

1-32.   Plaintiff hereby repeats and incorporates by reference paragraphs one (1) through thirty-two (32) of her General Allegations as paragraphs one (1) through thirty-two (32) inclusive of this Count VIII, as though fully set forth herein.

33.     On and before November 16, 2022, RIVER OAKS NASSIM, by and through its employees and/or agents, retained exclusive control of the parking lot and common areas of the Mall.

34.     On and before November 16, 2022, RIVER OAKS NASSIM, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to exercise ordinary care in its control and supervision of the parking lot and common areas of the Mall.

35.     On and before November 16, 2022, RIVER OAKS NASSIM, by and through its employees and/or agents, undertook to provide security services in the parking lot and common areas of the Mall.

36.     On and before November 16, 2022, RIVER OAKS NASSIM, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to exercise reasonable care in its provision of security services at the Mall.

37.     On and before November 16, 2022, RIVER OAKS NASSIM, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to provide a reasonably safe place for its customers, including providing customers with adequate security from violent crimes and gun violence.

38.     On and before November 16, 2022, RIVER OAKS NASSIM, by and through its employees and/or agents, owed a duty to protect NORMAN and all individuals lawfully present at the Mall against the foreseeable criminal acts of third parties which were facilitated by RIVER OAKS NASSIM's acts or omissions.

39.     On and before November 16, 2022, and at all times relevant to this claim, RIVER OAKS NASSIM, by and through its employees and/or agents, was guilty of one or more of the following negligent acts and/or omissions:

   a.  Failed to provide security against violent crime and gun violence at the Mall;

   b.  Failed to provide adequate security against violent crime and gun violence at the Mall;

   c.  Failed to provide an adequate number of security guards to deter and prevent violent crime and gun violence;

   d.  Failed to provide adequate security services to deter and prevent violent crime and gun violence;

   e.  Failed to maintain an adequate security system to deter and prevent violent crime and gun violence;

f.   Failed to have an adequate system in place to monitor or report violent crime and gun violence at the Mall;

g.   Failed to properly train security employees to respond to violent crime and gun violence at the Mall;

h.   Failed to take appropriate action in response to prior violent crime and gun violence at the Mall;

i.   Failed to prevent individuals from bringing guns into the Mall;

j.   Underfunded the Mall and exposed NORMAN to undue risk of violent crimes and gun violence;

k.   Placed NORMAN at undue risk for violent crimes and gun violence by valuing profits over safety;

l.   Failed to protect NORMAN and other individuals lawfully present at the Mall from violent crime and gun violence; and/or

m.  Failed to take appropriate action to ensure the safety of NORMAN.

40.   As a direct and proximate result of the careless and negligent omissions and/or actions of the Defendant, RIVER OAKS NASSIM, NORMAN suffered great pain and anguish, both in mind and body, when he was shot, causing him to suffer open wounds, hemorrhage, cardiac arrest, respiratory failure and subsequently having been pronounced deceased on November 16, 2022.

41.   Plaintiff, SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, brings this cause of action pursuant to the Illinois Survival Act, 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, demands judgment against Defendant, RIVER OAKS NASSIM, LLC, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000) plus costs.

## COUNT IX – NAMDAR REALTY GROUP, LLC
## NEGLIGENCE – WRONGFUL DEATH

1-32.   Plaintiff hereby repeats and incorporates by reference paragraphs one (1) through thirty-two (32) of her General Allegations as paragraphs one (1) through thirty-two (32) inclusive of this Count IX, as though fully set forth herein.

33.   On and before November 16, 2022, NAMDAR, by and through its employees and/or agents, retained exclusive control of the parking lot and common areas of the Mall.

34.   On and before November 16, 2022, NAMDAR, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to exercise ordinary care in its control and supervision of the parking lot and common areas of the Mall.

35.   On and before November 16, 2022, NAMDAR, by and through its employees and/or agents, undertook to provide security services in the parking lot and common areas of the Mall.

36.   On and before November 16, 2022, NAMDAR, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to exercise reasonable care in its provision of security services at the Mall.

37.   On and before November 16, 2022, NAMDAR, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to provide a reasonably safe place for its customers, including providing customers with adequate security from violent crimes and gun violence.

38.     On and before November 16, 2022, NAMDAR, by and through its employees and/or agents, owed a duty to protect NORMAN and all individuals lawfully present at the Mall against the foreseeable criminal acts of third parties which were facilitated by NAMDAR's acts or omissions.

39.     On and before November 16, 2022, and at all times relevant to this claim, NAMDAR, by and through its employees and/or agents, was guilty of one or more of the following negligent acts and/or omissions:

   a.  Failed to provide security against violent crime and gun violence at the Mall;

   b.  Failed to provide adequate security against violent crime and gun violence at the Mall;

   c.  Failed to provide an adequate number of security guards to deter and prevent violent crime and gun violence;

   d.  Failed to provide adequate security services to deter and prevent violent crime and gun violence;

   e.  Failed to maintain an adequate security system to deter and prevent violent crime and gun violence;

   f.  Failed to have an adequate system in place to monitor or report violent crime and gun violence at the Mall;

   g.  Failed to properly train security employees to respond to violent crime and gun violence at the Mall;

   h.  Failed to take appropriate action in response to prior violent crime and gun violence at the Mall;

   i.  Failed to prevent individuals from bringing guns into the Mall;

   j.  Underfunded the Mall and exposed NORMAN to undue risk of violent crimes and gun violence;

   k.  Placed NORMAN at undue risk for violent crimes and gun violence by valuing profits over safety;

l. Failed to protect NORMAN and other individuals lawfully present at the Mall from violent crime and gun violence; and/or

m. Failed to take appropriate action to ensure the safety of NORMAN.

40. One or more of these acts and/or omissions of NAMDAR were a direct and proximate cause of NORMAN's injuries and death. As a direct and proximate result of one or more of these acts and/or omissions by Defendant NAMDAR, NORMAN died and the Plaintiff has in the past and will in the future suffer substantial pecuniary loss, including medical, funeral, and burial expenses; the loss of society as well as grief and sorrow.

41. Plaintiff, SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, brings this cause of action pursuant to the Wrongful Death Act, 740 ILCS 180/1, *et seq.*

WHEREFORE, Plaintiff, SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, demands judgment against Defendant, NAMDAR REALTY GROUP, LLC, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000) plus costs.

## COUNT X – NAMDAR REALTY GROUP, LLC
### NEGLIGENCE – SURVIVAL ACTION

1-32. Plaintiff hereby repeats and incorporates by reference paragraphs one (1) through thirty-two (32) of her General Allegations as paragraphs one (1) through thirty-two (32) inclusive of this Count X, as though fully set forth herein.

33.     On and before November 16, 2022, NAMDAR, by and through its employees and/or agents, retained exclusive control of the parking lot and common areas of the Mall.

34.     On and before November 16, 2022, NAMDAR, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to exercise ordinary care in its control and supervision of the parking lot and common areas of the Mall.

35.     On and before November 16, 2022, NAMDAR, by and through its employees and/or agents, undertook to provide security services in the parking lot and common areas of the Mall.

36.     On and before November 16, 2022, NAMDAR, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to exercise reasonable care in its provision of security services at the Mall.

37.     On and before November 16, 2022, NAMDAR, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to provide a reasonably safe place for its customers, including providing customers with adequate security from violent crimes and gun violence.

38.     On and before November 16, 2022, NAMDAR, by and through its employees and/or agents, owed a duty to protect NORMAN and all individuals lawfully present at the Mall against the foreseeable criminal acts of third parties which were facilitated by NAMDAR's acts or omissions.

39. On and before November 16, 2022, and at all times relevant to this claim, NAMDAR, by and through its employees and/or agents, was guilty of one or more of the following negligent acts and/or omissions:

    a. Failed to provide security against violent crime and gun violence at the Mall;

    b. Failed to provide adequate security against violent crime and gun violence at the Mall;

    c. Failed to provide an adequate number of security guards to deter and prevent violent crime and gun violence;

    d. Failed to provide adequate security services to deter and prevent violent crime and gun violence;

    e. Failed to maintain an adequate security system to deter and prevent violent crime and gun violence;

    f. Failed to have an adequate system in place to monitor or report violent crime and gun violence at the Mall;

    g. Failed to properly train security employees to respond to violent crime and gun violence at the Mall;

    h. Failed to take appropriate action in response to prior violent crime and gun violence at the Mall;

    i. Failed to prevent individuals from bringing guns into the Mall;

    j. Underfunded the Mall and exposed NORMAN to undue risk of violent crimes and gun violence;

    k. Placed NORMAN at undue risk for violent crimes and gun violence by valuing profits over safety;

    l. Failed to protect NORMAN and other individuals lawfully present at the Mall from violent crime and gun violence; and/or

    m. Failed to take appropriate action to ensure the safety of NORMAN.

40. As a direct and proximate result of the careless and negligent omissions and/or actions of the Defendant, NAMDAR, NORMAN suffered great pain and anguish, both in mind and body, when he was shot, causing him to suffer open wounds, hemorrhage, cardiac arrest, respiratory failure and subsequently having been pronounced deceased on November 16, 2022.

41. Plaintiff, SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, brings this cause of action pursuant to the Illinois Survival Act, 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, demands judgment against Defendant, NAMDAR REALTY GROUP, LLC, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000) plus costs.

## COUNT XI – CH CAPITAL GROUP, LLC
## NEGLIGENCE – WRONGFUL DEATH

1-32. Plaintiff hereby repeats and incorporates by reference paragraphs one (1) through thirty-two (32) of her General Allegations as paragraphs one (1) through thirty-two (32) inclusive of this Count XI, as though fully set forth herein.

33. On and before November 16, 2022, CH CAPITAL, by and through its employees and/or agents, retained exclusive control of the parking lot and common areas of the Mall.

34. On and before November 16, 2022, CH CAPITAL, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present

at the Mall to exercise ordinary care in its control and supervision of the parking lot and common areas of the Mall.

35. On and before November 16, 2022, CH CAPITAL, by and through its employees and/or agents, undertook to provide security services in the parking lot and common areas of the Mall.

36. On and before November 16, 2022, CH CAPITAL, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to exercise reasonable care in its provision of security services at the Mall.

37. On and before November 16, 2022, CH CAPITAL, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to provide a reasonably safe place for its customers, including providing customers with adequate security from violent crimes and gun violence.

38. On and before November 16, 2022, CH CAPITAL, by and through its employees and/or agents, owed a duty to protect NORMAN and all individuals lawfully present at the Mall against the foreseeable criminal acts of third parties which were facilitated by CH CAPITAL's acts or omissions.

39. On and before November 16, 2022, and at all times relevant to this claim, CH CAPITAL, by and through its employees and/or agents, was guilty of one or more of the following negligent acts and/or omissions:

    a. Failed to provide security against violent crime and gun violence at the Mall;

    b. Failed to provide adequate security against violent crime and gun violence at the Mall;

34

     c.      Failed to provide an adequate number of security guards to deter and prevent violent crime and gun violence;

     d.      Failed to provide adequate security services to deter and prevent violent crime and gun violence;

     e.      Failed to maintain an adequate security system to deter and prevent violent crime and gun violence;

     f.      Failed to have an adequate system in place to monitor or report violent crime and gun violence at the Mall;

     g.      Failed to properly train security employees to respond to violent crime and gun violence at the Mall;

     h.      Failed to take appropriate action in response to prior violent crime and gun violence at the Mall;

     i.      Failed to prevent individuals from bringing guns into the Mall;

     j.      Underfunded the Mall and exposed NORMAN to undue risk of violent crimes and gun violence;

     k.      Placed NORMAN at undue risk for violent crimes and gun violence by valuing profits over safety;

     l.      Failed to protect NORMAN and other individuals lawfully present at the Mall from violent crime and gun violence; and/or

     m.      Failed to take appropriate action to ensure the safety of NORMAN.

40.     One or more of these acts and/or omissions of CH CAPITAL were a direct and proximate cause of NORMAN's injuries and death. As a direct and proximate result of one or more of these acts and/or omissions by Defendant CH CAPITAL, NORMAN died and the Plaintiff has in the past and will in the future suffer substantial pecuniary loss, including medical, funeral, and burial expenses; the loss of society as well as grief and sorrow.

41.     Plaintiff, SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, brings this cause of action pursuant to the Wrongful Death Act, 740 ILCS 180/1, *et seq.*

WHEREFORE, Plaintiff, SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, demands judgment against Defendant, CH CAPITAL GROUP, LLC, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000) plus costs.

## COUNT XII – CH CAPITAL GROUP, LLC
### NEGLIGENCE – SURVIVAL ACTION

1-32.   Plaintiff hereby repeats and incorporates by reference paragraphs one (1) through thirty-two (32) of her General Allegations as paragraphs one (1) through thirty-two (32) inclusive of this Count XII, as though fully set forth herein.

33.     On and before November 16, 2022, CH CAPITAL, by and through its employees and/or agents, retained exclusive control of the parking lot and common areas of the Mall.

34.     On and before November 16, 2022, CH CAPITAL, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to exercise ordinary care in its control and supervision of the parking lot and common areas of the Mall.

35.     On and before November 16, 2022, CH CAPITAL, by and through its employees and/or agents, undertook to provide security services in the parking lot and common areas of the Mall.

36

36.     On and before November 16, 2022, CH CAPITAL, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to exercise reasonable care in its provision of security services at the Mall.

37.     On and before November 16, 2022, CH CAPITAL, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to provide a reasonably safe place for its customers, including providing customers with adequate security from violent crimes and gun violence.

38.     On and before November 16, 2022, CH CAPITAL, by and through its employees and/or agents, owed a duty to protect NORMAN and all individuals lawfully present at the Mall against the foreseeable criminal acts of third parties which were facilitated by CH CAPITAL's acts or omissions.

39.     On and before November 16, 2022, and at all times relevant to this claim, CH CAPITAL, by and through its employees and/or agents, was guilty of one or more of the following negligent acts and/or omissions:

    a.  Failed to provide security against violent crime and gun violence at the Mall;

    b.  Failed to provide adequate security against violent crime and gun violence at the Mall;

    c.  Failed to provide an adequate number of security guards to deter and prevent violent crime and gun violence;

    d.  Failed to provide adequate security services to deter and prevent violent crime and gun violence;

    e.  Failed to maintain an adequate security system to deter and prevent violent crime and gun violence;

    f.   Failed to have an adequate system in place to monitor or report violent crime and gun violence at the Mall;

    g.   Failed to properly train security employees to respond to violent crime and gun violence at the Mall;

    h.   Failed to take appropriate action in response to prior violent crime and gun violence at the Mall;

    i.   Failed to prevent individuals from bringing guns into the Mall;

    j.   Underfunded the Mall and exposed NORMAN to undue risk of violent crimes and gun violence;

    k.   Placed NORMAN at undue risk for violent crimes and gun violence by valuing profits over safety;

    l.   Failed to protect NORMAN and other individuals lawfully present at the Mall from violent crime and gun violence; and/or

    m.   Failed to take appropriate action to ensure the safety of NORMAN.

40.    As a direct and proximate result of the careless and negligent omissions and/or actions of the Defendant, CH CAPITAL, NORMAN suffered great pain and anguish, both in mind and body, when he was shot, causing him to suffer open wounds, hemorrhage, cardiac arrest, respiratory failure and subsequently having been pronounced deceased on November 16, 2022.

41.    Plaintiff, SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, brings this cause of action pursuant to the Illinois Survival Act, 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, demands judgment against Defendant, CH CAPITAL GROUP, LLC, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000) plus costs.

## COUNT XIII – MASON ASSET MANAGAMENT, INC.
### NEGLIGENCE – WRONGFUL DEATH

1-32.    Plaintiff hereby repeats and incorporates by reference paragraphs one (1) through thirty-two (32) of her General Allegations as paragraphs one (1) through thirty-two (32) inclusive of this Count XIII, as though fully set forth herein.

33.    On and before November 16, 2022, MASON, by and through its employees and/or agents, retained exclusive control of the parking lot and common areas of the Mall.

34.    On and before November 16, 2022, MASON, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to exercise ordinary care in its control and supervision of the parking lot and common areas of the Mall.

35.    On and before November 16, 2022, MASON, by and through its employees and/or agents, undertook to provide security services in the parking lot and common areas of the Mall.

36.    On and before November 16, 2022, MASON, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to exercise reasonable care in its provision of security services at the Mall.

37.    On and before November 16, 2022, MASON, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to provide a reasonably safe place for its customers, including providing customers with adequate security from violent crimes and gun violence.

38.     On and before November 16, 2022, MASON, by and through its employees and/or agents, owed a duty to protect NORMAN and all individuals lawfully present at the Mall against the foreseeable criminal acts of third parties which were facilitated by MASON's acts or omissions.

39.     On and before November 16, 2022, and at all times relevant to this claim, MASON, by and through its employees and/or agents, was guilty of one or more of the following negligent acts and/or omissions:

a.  Failed to provide security against violent crime and gun violence at the Mall;

b.  Failed to provide adequate security against violent crime and gun violence at the Mall;

c.  Failed to provide an adequate number of security guards to deter and prevent violent crime and gun violence;

d.  Failed to provide adequate security services to deter and prevent violent crime and gun violence;

e.  Failed to maintain an adequate security system to deter and prevent violent crime and gun violence;

f.  Failed to have an adequate system in place to monitor or report violent crime and gun violence at the Mall;

g.  Failed to properly train security employees to respond to violent crime and gun violence at the Mall;

h.  Failed to take appropriate action in response to prior violent crime and gun violence at the Mall;

i.  Failed to prevent individuals from bringing guns into the Mall;

j.  Underfunded the Mall and exposed NORMAN to undue risk of violent crimes and gun violence;

k.  Placed NORMAN at undue risk for violent crimes and gun violence by valuing profits over safety;

l.  Failed to protect NORMAN and other individuals lawfully present at the Mall from violent crime and gun violence; and/or

m.  Failed to take appropriate action to ensure the safety of NORMAN.

40.  One or more of these acts and/or omissions of MASON were a direct and proximate cause of NORMAN's injuries and death. As a direct and proximate result of one or more of these acts and/or omissions by Defendant MASON, NORMAN died and the Plaintiff has in the past and will in the future suffer substantial pecuniary loss, including medical, funeral, and burial expenses; the loss of society as well as grief and sorrow.

41.  Plaintiff, SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, brings this cause of action pursuant to the Wrongful Death Act, 740 ILCS 180/1, *et seq.*

WHEREFORE, Plaintiff, SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, demands judgment against Defendant, MASON ASSET MANAGEMENT, INC., in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000) plus costs.

<u>**COUNT XIV – MASON ASSET MANAGEMENT, INC.**</u>
**NEGLIGENCE – SURVIVAL ACTION**

1-32.  Plaintiff hereby repeats and incorporates by reference paragraphs one (1) through thirty-two (32) of her General Allegations as paragraphs one (1) through thirty-two (32) inclusive of this Count XIV, as though fully set forth herein.

33.     On and before November 16, 2022, MASON, by and through its employees and/or agents, retained exclusive control of the parking lot and common areas of the Mall.

34.     On and before November 16, 2022, MASON, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to exercise ordinary care in its control and supervision of the parking lot and common areas of the Mall.

35.     On and before November 16, 2022, MASON, by and through its employees and/or agents, undertook to provide security services in the parking lot and common areas of the Mall.

36.     On and before November 16, 2022, MASON, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to exercise reasonable care in its provision of security services at the Mall.

37.     On and before November 16, 2022, MASON, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to provide a reasonably safe place for its customers, including providing customers with adequate security from violent crimes and gun violence.

38.     On and before November 16, 2022, MASON, by and through its employees and/or agents, owed a duty to protect NORMAN and all individuals lawfully present at the Mall against the foreseeable criminal acts of third parties which were facilitated by MASON's acts or omissions.

39. On and before November 16, 2022, and at all times relevant to this claim, MASON, by and through its employees and/or agents, was guilty of one or more of the following negligent acts and/or omissions:

    a. Failed to provide security against violent crime and gun violence at the Mall;

    b. Failed to provide adequate security against violent crime and gun violence at the Mall;

    c. Failed to provide an adequate number of security guards to deter and prevent violent crime and gun violence;

    d. Failed to provide adequate security services to deter and prevent violent crime and gun violence;

    e. Failed to maintain an adequate security system to deter and prevent violent crime and gun violence;

    f. Failed to have an adequate system in place to monitor or report violent crime and gun violence at the Mall;

    g. Failed to properly train security employees to respond to violent crime and gun violence at the Mall;

    h. Failed to take appropriate action in response to prior violent crime and gun violence at the Mall;

    i. Failed to prevent individuals from bringing guns into the Mall;

    j. Underfunded the Mall and exposed NORMAN to undue risk of violent crimes and gun violence;

    k. Placed NORMAN at undue risk for violent crimes and gun violence by valuing profits over safety;

    l. Failed to protect NORMAN and other individuals lawfully present at the Mall from violent crime and gun violence; and/or

    m. Failed to take appropriate action to ensure the safety of NORMAN.

40. As a direct and proximate result of the careless and negligent omissions and/or actions of the Defendant, MASON, NORMAN suffered great pain and anguish, both in mind and body, when he was shot, causing him to suffer open wounds, hemorrhage, cardiac arrest, respiratory failure and subsequently having been pronounced deceased on November 16, 2022.

41. Plaintiff, SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, brings this cause of action pursuant to the Illinois Survival Act, 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, demands judgment against Defendant, MASON ASSET MANAGEMENT, INC., in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000) plus costs.

## COUNT XV – NAMCO REALTY, LLC
## NEGLIGENCE – WRONGFUL DEATH

1-32. Plaintiff hereby repeats and incorporates by reference paragraphs one (1) through thirty-two (32) of her General Allegations as paragraphs one (1) through thirty-two (32) inclusive of this Count XV, as though fully set forth herein.

33. On and before November 16, 2022, NAMCO, by and through its employees and/or agents, retained exclusive control of the parking lot and common areas of the Mall.

34. On and before November 16, 2022, NAMCO, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall

to exercise ordinary care in its control and supervision of the parking lot and common areas of the Mall.

35.     On and before November 16, 2022, NAMCO, by and through its employees and/or agents, undertook to provide security services in the parking lot and common areas of the Mall.

36.     On and before November 16, 2022, NAMCO, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to exercise reasonable care in its provision of security services at the Mall.

37.     On and before November 16, 2022, NAMCO, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to provide a reasonably safe place for its customers, including providing customers with adequate security from violent crimes and gun violence.

38.     On and before November 16, 2022, NAMCO, by and through its employees and/or agents, owed a duty to protect NORMAN and all individuals lawfully present at the Mall against the foreseeable criminal acts of third parties which were facilitated by NAMCO's acts or omissions.

39.     On and before November 16, 2022, and at all times relevant to this claim, NAMCO, by and through its employees and/or agents, was guilty of one or more of the following negligent acts and/or omissions:

  a.  Failed to provide security against violent crime and gun violence at the Mall;

  b.  Failed to provide adequate security against violent crime and gun violence at the Mall;

c.  Failed to provide an adequate number of security guards to deter and prevent violent crime and gun violence;

d.  Failed to provide adequate security services to deter and prevent violent crime and gun violence;

e.  Failed to maintain an adequate security system to deter and prevent violent crime and gun violence;

f.  Failed to have an adequate system in place to monitor or report violent crime and gun violence at the Mall;

g.  Failed to properly train security employees to respond to violent crime and gun violence at the Mall;

h.  Failed to take appropriate action in response to prior violent crime and gun violence at the Mall;

i.  Failed to prevent individuals from bringing guns into the Mall;

j.  Underfunded the Mall and exposed NORMAN to undue risk of violent crimes and gun violence;

k.  Placed NORMAN at undue risk for violent crimes and gun violence by valuing profits over safety;

l.  Failed to protect NORMAN and other individuals lawfully present at the Mall from violent crime and gun violence; and/or

m.  Failed to take appropriate action to ensure the safety of NORMAN.

40.    One or more of these acts and/or omissions of NAMCO were a direct and proximate cause of NORMAN's injuries and death. As a direct and proximate result of one or more of these acts and/or omissions by Defendant NAMCO, NORMAN died and the Plaintiff has in the past and will in the future suffer substantial pecuniary loss, including medical, funeral, and burial expenses; the loss of society as well as grief and sorrow.

41.     Plaintiff, SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, brings this cause of action pursuant to the Wrongful Death Act, 740 ILCS 180/1, *et seq.*

WHEREFORE, Plaintiff, SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, demands judgment against Defendant, NAMCO RELTY, LLC, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000) plus costs.

## COUNT XVI – NAMCO REALTY, LLC
## NEGLIGENCE – SURVIVAL ACTION

1-32.   Plaintiff hereby repeats and incorporates by reference paragraphs one (1) through thirty-two (32) of her General Allegations as paragraphs one (1) through thirty-two (32) inclusive of this Count XVI, as though fully set forth herein.

33.     On and before November 16, 2022, NAMCO, by and through its employees and/or agents, retained exclusive control of the parking lot and common areas of the Mall.

34.     On and before November 16, 2022, NAMCO, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to exercise ordinary care in its control and supervision of the parking lot and common areas of the Mall.

35.     On and before November 16, 2022, NAMCO, by and through its employees and/or agents, undertook to provide security services in the parking lot and common areas of the Mall.

36. On and before November 16, 2022, NAMCO, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to exercise reasonable care in its provision of security services at the Mall.

37. On and before November 16, 2022, NAMCO, by and through its employees and/or agents, owed a duty to NORMAN and all individuals lawfully present at the Mall to provide a reasonably safe place for its customers, including providing customers with adequate security from violent crimes and gun violence.

38. On and before November 16, 2022, NAMCO, by and through its employees and/or agents, owed a duty to protect NORMAN and all individuals lawfully present at the Mall against the foreseeable criminal acts of third parties which were facilitated by NAMCO's acts or omissions.

39. On and before November 16, 2022, and at all times relevant to this claim, NAMCO, by and through its employees and/or agents, was guilty of one or more of the following negligent acts and/or omissions:

    a. Failed to provide security against violent crime and gun violence at the Mall;

    b. Failed to provide adequate security against violent crime and gun violence at the Mall;

    c. Failed to provide an adequate number of security guards to deter and prevent violent crime and gun violence;

    d. Failed to provide adequate security services to deter and prevent violent crime and gun violence;

    e. Failed to maintain an adequate security system to deter and prevent violent crime and gun violence;

f.  Failed to have an adequate system in place to monitor or report violent crime and gun violence at the Mall;

g.  Failed to properly train security employees to respond to violent crime and gun violence at the Mall;

h.  Failed to take appropriate action in response to prior violent crime and gun violence at the Mall;

i.  Failed to prevent individuals from bringing guns into the Mall;

j.  Underfunded the Mall and exposed NORMAN to undue risk of violent crimes and gun violence;

k.  Placed NORMAN at undue risk for violent crimes and gun violence by valuing profits over safety;

l.  Failed to protect NORMAN and other individuals lawfully present at the Mall from violent crime and gun violence; and/or

m.  Failed to take appropriate action to ensure the safety of NORMAN.

40.     As a direct and proximate result of the careless and negligent omissions and/or actions of the Defendant, NAMCO, NORMAN suffered great pain and anguish, both in mind and body, when he was shot, causing him to suffer open wounds, hemorrhage, cardiac arrest, respiratory failure and subsequently having been pronounced deceased on November 16, 2022.

41.     Plaintiff, SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, brings this cause of action pursuant to the Illinois Survival Act, 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, demands judgment against Defendant, NAMCO REALTY, LLC, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000) plus costs.

COPLAN & CRANE, LTD.

By: /s/ Ben A. Crane

Attorneys for Plaintiff:

Ben A. Crane
Andrew J. Burkavage
COPLAN & CRANE, LTD.
1111 Westgate Street
Oak Park, Illinois 60301
(708) 358-8080 (telephone)
(708) 358-8181 (facsimile)
Firm ID # 41511

Matthew J. Belcher
Bryant M. Greening
Aleksy Belcher LLC
350 N. LaSalle Dr., Ste. 750
Chicago, Illinois 60654
(312) 670-9000 (telephone)
(312) 670-9115 (facsimile)
Firm ID # 34466

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SYRALL COLEMAN-THOMAS, as Independent Administrator of the Estate of NORMAN THOMAS, deceased, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-03984 |
| | ) | |
| RIVER OAKS CENTER, LLC, an Indiana corporation;  RIVER OAKS REALTY, LLC, an Illinois corporation; RIVER OAKS CH, LLC, an Illinois corporation; RIVER OAKS NASSIM, LLC, an Illinois corporation; NAMDAR REALTY GROUP, LLC, a New York corporation; CH CAPITAL GROUP, LLC, a New York corporation; MASON ASSET MANAGEMENT, INC., a New York corporation; and NAMCO REALTY, LLC, a New York corporation, | ) ) ) ) ) ) ) ) ) ) ) ) | Honorable Martha M. Pacold |
| | ) | |
| Defendants. | ) ) | |

## AFFIDAVIT PURSUANT TO ILLINOIS SUPREME COURT RULE 222

I, BEN A. CRANE, under oath and subject to the penalties of perjury, depose and state that the damages sought in this cause exceed the sum of FIFTY THOUSAND DOLLARS ($50,000.00). Pursuant to 735 ILCS 5/1-109, the undersigned certifies that the foregoing Affidavit is true and correct based upon the personal knowledge of the undersigned.

COPLAN & CRANE, LTD.

By: /s/ Ben A. Crane

Attorneys for Plaintiff:

Ben A. Crane
Andrew J. Burkavage
COPLAN & CRANE, LTD.
1111 Westgate Street
Oak Park, Illinois 60301
(708) 358-8080 (telephone)
(708) 358-8181 (facsimile)
Firm ID # 41511

Matthew J. Belcher
Bryant M. Greening
Aleksy Belcher LLC
350 N. LaSalle Dr., Ste. 750
Chicago, Illinois 60654
(312) 670-9000 (telephone)
(312) 670-9115 (facsimile)
Firm ID # 34466